IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KELSEY DAOUST**, on behalf of herself
and those similarly-situated,

    Plaintiff,                                                            Case No. 17-cv-13879

v.                                                                             Hon. Terrence G. Berg

**MARU RESTAURANT, LLC, MARU
DETROIT, LLC**, **MARU EAST LANSING,
LLC**, **MARU GRAND RAPIDS, LLC, MARU
KALAMAZOO, LLC, MARU MIDLAND, LLC**
and **MARU HOSPITALITY, LLC**, Domestic
Limited Liability Companies, and
**ROBERT SONG**, Individually,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

The above-entitled matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement. Defendants agree, for settlement purposes only, not to oppose the motion.

**I.    Preliminary Approval of the Settlement**

1.    Based upon the Court's review of the Plaintiff's Memorandum of Law is Support of the Motion for Preliminary Approval, the Declaration of Andrew R. Frisch ("Frisch Declaration"), and all other papers submitted in connection with Plaintiff's Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement") between Plaintiff, KELSEY DAOUST, and Defendants MARU RESTAURANT, LLC, MARU DETROIT, LLC, MARU EAST LANSING, LLC, MARU GRAND RAPIDS, LLC, MARU MIDLAND, LLC, MARU

1

HOSPITALITY, LLC, and ROBERT SONG ("Defendants") (collectively "the Parties"), and "so orders" all of its terms.

2. District courts are given discretion to certify a class under Rule 23 of the Federal Rules of Civil Procedure. *Reeb v. Ohio Dep't of Rehab. & Correction*, 435 F.3d 639, 643 (6th Cir. 2006). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases, because that law favors settlement in class action suits. *Griffin v. Flagstar Bancorp, Inc.*, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013) ("The Sixth Circuit and courts in this district have recognized that the law favors the settlement of class action lawsuits."); *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1008 (S.D. Ohio 2001) ("Being a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement."); *see also Bautista v. Twin Lakes Farms, Inc.,* 2007 WL 329162, at *5 (W.D. Mich. Jan. 31, 2007); *Robinson v. Ford Motor Co.*, 2005 WL 5253339, at *4 (S.D. Ohio June 15, 2005).

3. Preliminary approval, which is what Plaintiff seeks here, is the first step in the settlement process. It simply allows notice to issue to the Class and for Class Members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. *Newberg on Class Actions* at § 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies ... and appears to fall within the range of possible approval, the court should direct that" notice issue and should schedule a final approval hearing.") (citation omitted.).

4. At the Preliminary approval stage of a class action settlement, the Court "ascertain[s] whether there is any reason to notify the class members of the proposed settlement

2

29692234.2

and to proceed with a fairness hearing. *Sheick v. Auto. Component Carrier, LLC*, No. 09-14429, 2010 WL 3070130, at *11 (E.D. Mich. Aug. 2, 2010), quoting *Gautreaux v. Pierce,* 690 F.2d 616, 621 n. 3 (7th Cir.1982). "[T]he Settlement Agreement should be preliminarily approved if it (1) 'does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys,' and (2) 'appears to fall within the range of possible approval.'" *Sheick*, 2010 WL 3070130, at *11, quoting, *In re Inter–Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350 (N.D.Ohio 2001).

5. Here, the Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate.

6. The Court finds that the Settlement Agreement is the result of extensive, arms-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. "'Under the law, their collective judgment in favor of the Settlement is entitled to considerable weight.'" *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 597 (E.D. Mich. 2006), quoting *UAW v. GM,* 2006 WL 891151, at *18, (E.D. Mich. Mar. 31, 2006).

7. The assistance of retired Federal Judge, Judge Steven Rhodes, in facilitating the Parties' mediation reinforces that the Settlement Agreement is non-collusive. *See In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 498 (E.D. Mich. 2008)

**II. Notice**

8. The Court approves the Proposed Notice of Proposed Settlement of Class Action, which is attached as Exhibit B to Plaintiff's Motion, and directs its distribution to the Class.

9. The content of the Rule 23 Notice fully complies with due process and Federal Rule of Civil Procedure 23.

10. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

11. The Rule 23 Notice satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., UAW v. General Motors Corp.*, 497 F.3d 615, 626 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)) (The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). The Rule 23 Notice is also appropriate because it describes the terms of the settlement, informs the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

### III. Settlement Procedure

12. The Court hereby adopts the settlement procedure:[1]

   a. Within 14 calendar days after the Preliminary Approval Date, Defendants will provide the Settlement Administrator, Simpluris, Inc., with the Class Data in an electronic format acceptable to the Settlement Administrator, and Defendants will confirm to Class Counsel when the information has been provided to the Settlement Administrator;

   b. Within 15 calendar days of receiving the Class Members' information, the Settlement Administrator will send a Notice of Settlement to each Class Member's most recent known address via First-Class United States mail. For any Notice of Settlement that is returned as undeliverable, the Settlement Administrator will perform a utility database search and re-mail

---

[1] Capitalized terms used but not defined herein have the meaning set forth in the Settlement Agreement.

4

the Notice of Settlement to the new address obtained for the Class Member, if any, within 15 calendar days of the date that the Notices of Settlement were originally mailed. If a re-mailed notice is then returned as undeliverable for a second time no later than fifteen (15) days' before the Final Fairness and Approval Hearing, the person to whom the notice is addressed shall not be a Participating Class Member;

c. No later than 30 calendar days after the original date of the Settlement Administrator's mailing of the Notice of Settlement or within 30 calendar days of the re-mailing the undeliverable Notices of Settlement: Class Members' Requests for Exclusion must be postmarked;

d. Within 60 calendar days of mailing the Notice of Settlement (or within 60 calendar days of any re-mailing of an undeliverable Notice of Settlement): Class Members must file any objections to the settlement in accordance with the Notice of Settlement; and

e. The Court will hold a final fairness hearing on Wednesday, June 19, 2019 at 2:00 p.m. at the United States District Court for the Eastern District of Michigan: Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 253, Detroit, MI 48226.

IT IS SO ORDERED this 20th day of February, 2019.

/s/Terrence G. Berg
**TERRENCE G. BERG**
**UNITED STATES DISTRICT JUDGE**